## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE PHOENIX INSURANCE COMPANY,

Plaintiff,

-against-

CINCINNATI INSURANCE COMPANY,

Defendant.

Case No.

**COMPLAINT**

Plaintiff, The Phoenix Insurance Company ("Travelers"), by and through its undersigned counsel, Usery and Associates, as and for its Complaint against Defendant, Cincinnati Insurance Company ("Cincinnati"), alleges upon information and belief as follows:

### NATURE OF THE ACTION

1. Travelers is providing a defense to Ground Penetrating Radar Systems, LLC ("GPRS"), and its additional insureds Irwin & Leighton, Inc. ("I&L"), Lafayette College ("Lafayette") and Aegis Property Group, LTD., ("Aegis") (I&L, Lafayette, and Aegis collectively referred to herein as "Additional Insureds") under the policy issued by Travelers to GPRS in a lawsuit entitled *John L. Wheeler Jr., et al v. Lafayette College, Irwin & Leighton, Inc., Ground Penetrating Radar Systems, LLC d/b/a GPRS, West Side Hammer Electric, Delta B.J.D.S., Inc., John Doe electric Electrical Surveyors (1-3), John Doe Architects (1-3), John Doe Electrical Contractors (1-3), John Doe Construction Safety Companies (1-3), and John Doe Property Owners (1-3)*, pending in the Court of Common Pleas of Philadelphia County, Docket Number 231000612. (the "Underlying Action").

2. In the instant action, Travelers seeks a declaration that Cincinnati is obligated to defend and to indemnify Travelers' Additional Insureds in the Underlying Action, as an additional insured under the policy of insurance issued by Cincinnati, on a primary, non-contributory basis,

1

and that Travelers is entitled to judgment for all past and future defense and indemnity costs incurred on behalf of I&L, Lafayette, and Aegis in said action.

## THE PARTIES

3. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

4. Upon information and belief, at all times relevant hereto, Cincinnati was and is an Ohio corporation with a principal place of business in Ohio and authorized to do business in Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

6. The amount in controversy in excess of $75,000 is supported by Travelers' claim for reimbursement of past defense costs in excess of $100,000.00.

7. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

8. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Cincinnati.

9. Travelers has no adequate remedy at law other than the instant action.

2

## THE RELEVANT POLICIES

10.     Cincinnati issued a general liability insurance policy to West Side Electrical Service Inc. ("West Side") bearing policy number EPP 027 46 19 for the policy period July 1, 2022 to July 1, 2023 (the "Cincinnati Policy").

11.     Subject to certain terms, conditions, and exclusions, the Cincinnati Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

12.     The Cincinnati Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement that modifies the Commercial General Liability Coverage Part, and provides, in relevant part:

### SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
| --- | --- |
| TURNER CONSTRUCTION COMPANY, LAFAYETTE COLLEGE, AND ANY OF THEIR RESPECTIVE OFFICERS, AGENTS, SERVANTS OR EMPLOYEES AND AFFILIATES, PARENTS, AND SUBSIDIARIES | ANY LOCATION AT WHICH WORK OR OPERATIONS ARE PERFORMED BY YOU OR ON YOUR BEHALF |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

A. **Section II- Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
   1. Your acts or omissions; or
   2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

However:

3

1. The insurance afforded to such additional insured only applies to the extent permitted by law; and
2. If coverage provided to the additional insured is required by a contract or agreement, the insurance afforded to such additional insured will not be broader than that which you are required by the contract or agreement to provide for such additional insured.

B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to "bodily injury" or "property damage" occurring after:

1. All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or
2. That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

C. With respect to the insurance afforded to these additional insureds, the following is added to **Section III- Limits Of Insurance**:

If coverage provided to the additional insured is required by a contract or agreement, the most we will pay on behalf of the additional insured is the amount of insurance:

1. Required by the contract or agreement; or
2. Available under the applicable limits of insurance;

whichever is less.

This endorsement shall not increase the applicable limits of insurance.

\*    \*    \*    \*

CONTRACTORS ADDITIONAL INSURED - AUTOMATIC STATUS AND AUTOMATIC WAIVER OF SUBROGATION WHEN REQUIRED IN WRITTEN CONTRACT, AGREEMENT, PERMIT OR AUTHORIZATION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Additional Insured - Owners, Lessees Or Contractors - Automatic Status For Other Parties When Required In Written Contract Or Agreement With You

1. **Section II - Who Is An Insured** is amended to include as an additional insured any person or organization you have agreed in writing in a contract or agreement to add as an additional insured on this Coverage Part. Such person(s) or organization(s) is an additional insured only with respect to liability for:

   a. "Bodily injury", "property damage" or "personal and advertising injury" *caused, in whole or in part, by* the performance of your ongoing operations by you or on your behalf, under that written contract or written agreement. Ongoing operations does not apply to 'bodily injury" or "property damage" occurring after:

4

(1) All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed; or

(2) That portion of 'Your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project; and

b. "Bodily injury" or "property damage" caused, *in whole or in part, by* 'Your work" performed under that written contract or written agreement and included in the "products-completed operations hazard", but only if:

(1) The Coverage Part to which this endorsement is attached provides coverage for "bodily injury" or "property damage" included within the "products-completed operations hazard"; and

(2) The written contract or written agreement requires you to provide additional insured coverage included within the "products completed operations hazard" for that person or organization.

If the written contract or written agreement requires you to provide additional insured coverage included within the "products-completed operations hazard" for a specified length of time for that person or organization, the "bodily injury" or "property damage" must occur prior to the expiration of that period of time in order for this insurance to apply.

If the written contract or written agreement requires you to provide additional insured coverage for a person or organization per only ISO additional insured endorsement form number CG 20 10, without specifying an edition date, and without specifically requiring additional insured coverage included within the "products-completed operations hazard", this Paragraph b. does not apply to that person or organization.

2. If the written contract or written agreement described in Paragraph 1. Above specifically requires you to provide additional insured coverage to that person or organization:

a. *Arising out of your* ongoing operations or *arising out of* 'Your work"; or

b. By way of an edition of an ISO additional insured endorsement that includes arising out of your ongoing operations or *arising out of* "your work";

then the phrase caused, in whole or in part, by in Paragraph A.1.a. and/or Paragraph A.1.b. above, whichever applies, is replaced by the phrase arising out of.

1. With respect to the insurance afforded to the additional insureds described in Paragraph A.1., the following additional exclusion applies:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

a. The preparing, approving or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

b. Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of, or the failure to render, any professional architectural, engineering or surveying services.

4. This Paragraph A. does not apply to additional insureds described in Paragraph B.

13. The Cincinnati Policy further contains an INJURY OR DAMAGE TO OR RESULTING FROM YOUR WORK AND INJURY OR DAMAGE RESULTING FROM YOUR PRODUCT endorsement that modifies the Commercial General Liability Coverage Part, and provides, in relevant part:

**B. Section I - Coverage A - Bodily Injury And Property Damage Liability, 1. Insuring Agreement, a.** is amended to include damages which you become legally obligated to pay because of "bodily injury" that is caused by or results from "your work" or "your product" if such "bodily injury" is included within the "products-completed operations hazard".

"Bodily injury" for which this Paragraph **B.** provides coverage shall be deemed to be caused by an "occurrence".

\*     \*     \*     \*

**E. Section IV - Commercial General Liability Conditions, 5. Other Insurance** is deleted in its entirety and replaced by the following:

**5. Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under this endorsement, our obligations are limited as follows:

**a. Excess Insurance**
This insurance is excess except when **b.** below applies. This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis, except when such insurance is written specifically to be excess over this insurance.

**b. Primary or Primary/Noncontributory Insurance**
Where required by a written contract or agreement, this insurance is primary and/or noncontributory as respects any other insurance policy issued to an additional insured, and such other insurance policy shall be excess and/or noncontributing, whichever applies, with this insurance.

14.     Travelers issued an Architects and Engineers Policy to GPRS bearing policy number P-630-2S002435-PHX-22 for the policy period May 2, 2022 to May 2, 2023 (the "Travelers Policy").

15.     Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16.     The Travelers Policy contains an excess "other insurance" provision which provides that coverage under the Travelers Policy is excess over any other insurance available to an insured when the insured has been added as an "additional insured" on another policy; as provided in pertinent part:

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*         \*         \*         \*

**4. Other Insurance**
If valid and collectible other insurance is available to the insured for loss, we cover under Coverages **A** or **B** of this Coverage Part, our are limited as described in Paragraphs **a.** and **b.** below.

\*\*\*

**a.** Primary Insurance
This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.  Then, we will share with all that other insurance by the method described in Paragraph **c.** below, except when Paragraph **d.** below applies.

**b.** Excess Insurance
**(1)**        This insurance is excess over:
    **(a)**    Any of the other insurance, whether primary, excess, contingent or on any other basis:

\*      \*      \*      \*

**(iv)** That is insurance available to a premises owner, manager or lessor that qualifies as an insured under Paragraph 4. of Section II – Who Is An Insured, except when Paragraph d. below applies; or

\*      \*      \*      \*

(b)      Any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance.

## BACKGROUND FACTS

17.    Lafayette, as Owner, and Aegis, as Consultant, entered into a Consulting Agreement dated October 1, 2021 (the "Principal Contract"), by which Aegis agreed to provide construction management related services to Lafayette for the construction of the Markle Parking Deck and admissions Entrance, Kunkel Hall Renovations, phase 2 McCartney Mixed-Use Residential Building, construction of other new buildings and facilities, and renovation and maintenance project in existing facilities at 705 Sullivan Road, Bethlehem, PA 18018 (the "Premises").

18.    Lafayette, as Owner, and I&L, as General Contractor, entered into a Construction Management Agreement dated September 2, 2022, by which I&L provided construction management services for the completion of the Lafayette College Simon Center for Economics and Business ("Project").

19.    I&L, as Contractor, and West Side, as Subcontractor, entered into a Subcontract dated September 22, 2022, wherein West Side was contracted to mark the depth of electrical lines as part of at the Project. ("West Side Subcontract")

20.    The West Side Subcontract provides:

13. INDEMNIFICATION

8

A. To the fullest extent permitted by applicable law, Subcontractor agrees to indemnify, hold harmless and defend Contractor, Owner, all other parties whom Contractor is obligated to indemnify and defend in Contractor's contract with Owner (whether or not such obligations may extend to items beyond those addressed in this Agreement), and their respective agents, employees, representatives, officers, directors, stockholders, members, managers and parent, subsidiary and affiliated companies (the 'Indemnified Parties') from and against any and all responsibility and liability for any and all demands, claims, suits, loss, penalty, damage or expense (including attorney's fees and litigation costs) for which the Indemnified Parties may be held liable by reason of injury (including death) to any person (including Subcontractor's employees) or damage to any property of whatsoever kind or nature arising out of or in any manner connected with the work to be performed for the Indemnified Parties (including, but not limited to, work performed under this contract, work performed under Change Order, or any such other work performed for or on behalf of the Indemnified Parties, whether performed at the site or not), or in any way connected with the use, misuse, erection, maintenance, operation or failure of any machinery or equipment whether or not such machinery or equipment was furnished, rented or loaned by any of the Indemnified Parties.

This duty to defend and indemnify shall arise whether or not the claim is alleged to have been caused concurrently or in part by any act, omission, or negligence (active or passive) of the Indemnified Parties or any of their agents, employees, representatives, officers, directors, stockholders, members, managers, Subcontractors, third parties or parent, subsidiary and affiliated companies, whether known or unknown to Contractor or Subcontractor. This indemnification is not intended to extend to the sole negligence of any of the Indemnified Parties if prohibited by law.

It is expressly understood and agreed that the indemnity contained in this paragraph covers claims by Subcontractor's employees. Subcontractor hereby expressly waives any provision of the applicable workmen's compensation act which would otherwise provide to Subcontractor immunity from such indemnity.

21.     Per the West Side Subcontract, West Side was required to maintain comprehensive general liability insurance naming I&L, as Contractor, and Lafayette, Owner, as an additional insured:

14. INSURANCE

Subcontractor agrees to procure, before commencing Work and maintain at its expense until final acceptance of Work, insurance coverage described below that is the same or broader in scope as the indemnification assumed by Subcontractor under this agreement. Coverage provided by Subcontractor will be as listed below in companies with a minimum

9

rating of A7 or better and with limits required by Contractor with the Contractor's name endorsed thereon:

A. Workmen's Compensation and Employer's Liability Insurance;

B. Comprehensive General Liability Insurance and Property Damage Insurance;

C. Umbrella Liability Insurance;

D. Additional insurance coverage necessary to cover all risks outlined in the Principal Contract Documents. Minimum Subcontractor's Insurance Requirements are as listed below. Subcontractor hereby agrees to provide higher limits if required by Contractor's Agreement with the Owner.

\*\*\*

3. Umbrella Liability - $1,000,000 each occurrence $2,000,000 aggregate

4. Automobile Liability - $1,000,000 Combined Single Limit. AMCS 90 Endorsement is required. Contractual Liability coverage is required.

The General Liability and Umbrella policies to be endorsed to provide Per Project aggregate limits. Property Insurance will be provided by the Owner or Contractor only in accordance with contract documents.

Subcontractor is responsible for any additional coverage required to protect its interest and/or for any loss and/or deductible resultant from the nature of the Owner's or Contractor's coverage. All policies to be written on an occurrence basis.

Contractor and Owner and all other parties whom Contractor is obligated to indemnify and defend by Contractor's agreement with the Owner will be named as additional insureds in all insurance policies and on the Subcontractor's Certificate of Insurance.

Additional Insured Status shall include coverage for both ongoing operations and completed operations using CG 20 10 07 04 and CG 20 37 07 04 (or the equivalent). Copy of Additional Insured Endorsement is required to be submitted to Contractor with Subcontractor's Certificate of Insurance.

It is understood between the parties that the Subcontractor's General Liability and Property Damage, Umbrella Liability, and Automobile Liability insurance will be primary and non-contributory and the Contractor's insurance will be excess in all claims made against the Contractor arising out of the work.

22. In accordance with the Purchase Order between I&L and GPRS dated September 12, 2022, GPRS was contracted to mark utility lines for the Project(s) at the Premises.

10

23.     On or about April 25, 2023, John L. Wheeler Jr. ("Wheeler Jr."), Jennifer Wheeler ("Wheeler"), and John Wheeler III ("Wheeler III") (collectively "Claimants") allege that Wheeler Jr. was performing demolition work for Merion Services ("Merion") as part of the demolition crew for the Project at the Premises when he was caused to be electrocuted when the circular saw he was operating made contact with an alleged shallow live electrical line, where he sustained injuries ("Incident").

24.     Wheeler III, the son of Wheeler Jr. was present at the time of the Incident and alleged he sustained mental and emotional trauma from witnessing his father's injury.

25.     As a result of the Incident, on August 20, 2024 Claimants commenced the Underlying Action naming GPRS, I&L, Lafayette and Aegis as defendants.

26.     In the Underlying Action, Claimants seek to impose liability on GPRS, I&L, Lafayette, Aegis, and West Side for alleged injuries which arose out of the construction, demolition, and/or maintenance or use of the Premises.

27.     The Underlying Action alleges that West Side failed to properly surveil the electrical utilities at the work site and failed to adequately survey the worksite for hazardous electrical conditions, including depth of electrical lines, that caused Wheelers' alleged injuries.

28.     Travelers accepted the tender and is defending I&L, Lafayette and Aegis in connection with the Underlying Action.

## **CAUSE OF ACTION FOR DECLARATORY RELIEF**

29.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "26" above as if fully set forth herein.

30.     Lafayette qualified as an additional insured to the Cincinnati Policy pursuant to the ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement.

31.     The Contract between I&L and West Side requires West Side to defend and indemnify certain contractors and subcontractors performing work at the Project, including the Contractor, Owner, all other parties whom Contractor is obligated to indemnify and defend in Contractor's contract with Owner.

32.     Further, I&L, Lafayette, and Aegis qualify as automatic status as additional insureds under the Cincinnati Policy.

33.     The coverages provided to I&L, Lafayette, and Aegis under the Cincinnati Policy are primary and non-contributory with, any coverage provided to GPRS, I&L, Lafayette, and Aegis by the Travelers Policy.

34.     Accordingly, Travelers seeks a declaration that Cincinnati has an obligation to defend and indemnify I&L, Lafayette, and Aegis as additional insureds under the Cincinnati Policy; that the coverages provided by the Cincinnati Policy to I&L, Lafayette, and Aegis are primary; and that the obligations of Travelers to I&L, Lafayette, and Aegis in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Cincinnati Policy.

35.     In addition, Travelers seeks an award at law and in equity against Cincinnati for recovery of all sums Travelers has paid and continues to pay in the defense of I&L, Lafayette, and Aegis in the Underlying Action because the coverages provided by the Cincinnati Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.  Declaring that I&L, Lafayette, and Aegis are insureds under the Cincinnati Policy to whom Cincinnati owes coverage with respect to the Underlying Action;

2.  Declaring that Cincinnati has a duty to defend I&L, Lafayette, and Aegis in the Underlying Action up to and including the respective policy limits of the Cincinnati Policy;

3.  Declaring that all coverage owed by Cincinnati to I&L, Lafayette, and Aegis with respect to the Underlying Action is primary to any coverage provided by Travelers to GPRS, I&L, Lafayette, and Aegis;

4.  Declaring that the obligations of Cincinnati to I&L, Lafayette, and Aegis with respect to the Underlying Action are primary to any obligations of Travelers to I&L, Lafayette, and Aegis;

5.  Declaring that the obligations of Travelers to I&L, Lafayette, and Aegis in the Underlying Action are excess to proper exhaustion and full payment of the respective limits of the Cincinnati Policy by means of a verdict, judgment, or settlement;

6.  Awarding judgment against Cincinnati in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against I&L, Lafayette, and Aegis in the Underlying Action;

7.  Awarding judgment against Cincinnati in an amount equal to any sums that Travelers may incur to resolve the claims and indemnify I&L, Lafayette, and Aegis in the Underlying Action;

8.  Granting an award in favor of Travelers for the costs of suit incurred herein; and

9.  Granting such other and further relief as the Court may deem just and proper.

Dated: Blue Bell, PA
        July 14, 2026

USERY & ASSOCIATES

By:    /s/Michael J. McLaughlin
Michael J. McLaughlin
*Attorneys for Travelers Casualty Insurance Company of America*
T. (917) 778-6680
F. (844) 571-3789
E. MJMCLAUG@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 801 Lakeview Drive, Suite 300 Blue Bell, PA 19422

14